LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-00829 BRO (FFMx)** | Date | August 18, 2015 |
|---|---|---|---|
| Title | **CARLO A. CARRION V. UNITED STUDENT AID FUNDS, INC. ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS)

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [44]**

## I. INTRODUCTION

Pending before the Court is a Motion for Judgment on the Pleadings filed by Defendants United Student Aid Funds, Inc. ("USA Funds") and Navient Solutions, Inc. (collectively, Defendants). (Dkt. No. 44.) Defendants seek to dismiss the Complaint on various grounds. The Court held a hearing on this matter on Monday, August 17, 2015. The Court now **GRANTS** Defendants' motion subject to the following terms.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Carlo A. Carrion ("Plaintiff") brings claims against Defendants for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, citing §§ 1681(a), 1681(c), and 1681(n). (Compl. at 1–2.)[1] Plaintiff claims that since 1990 Defendants have provided him and credit bureaus with false figures and records regarding the balance of student loans that Plaintiff received in 1989. (Compl. ¶¶ 1–3.) Plaintiff also claims that Defendants are liable for fraud because they purposefully provided him and credit bureaus with incorrect information regarding the balance of these loans to extract unjustified excess payments from Plaintiff. (Compl. ¶¶ 9–17.) Plaintiff contests the original amount of the loans, how much he has paid, and any open balance

---

[1] Plaintiff also filed a First Amended Complaint, but it only purports to replace the first page of the initial Complaint. (*See* Dkt. No. 1-2 at 2.) Accordingly, the Court will treat the allegations in the initial Complaint as the operative allegations in this matter.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-00829 BRO (FFMx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | CARLO A. CARRION V. UNITED STUDENT AID FUNDS, INC. ET AL. | | |

on the loans. (Compl. ¶ 50.) Plaintiff seeks damages of $2.6 million from each defendant. (Compl. ¶ 52.)

Plaintiff initiated this action in the Superior Court of California, County of Los Angeles on December 31, 2014. (Dkt. No. 1-1.) Plaintiff then filed his First Amended Complaint, revising one of the named Defendants, on January 7, 2015. (Dkt. No. 1-2.) Defendants filed their Answers on February 3, 2015, in which they generally deny any liability. (Dkt. Nos. 1-3, 1-4.) On February 5, 2015, Defendants removed the action to this Court on the basis of federal question jurisdiction. (Dkt. No. 1.) Plaintiff opposed the removal by filing a motion to remand on March 16, 2015, (Dkt. No. 11), which this Court denied on April 9, 2015, (Dkt. No. 19). The Court later denied Plaintiff's motion to reconsider the remand issue. (Dkt. No. 42.)

Defendants now move for judgment on the pleadings. (Dkt. No. 44.) Defendants seek to dismiss Plaintiff's FCRA and fraud claims for failure to state a claim. Defendants also argue that these claims are time-barred under the applicable statutes of limitations, and that Plaintiff's fraud claim is preempted by the FCRA. On July 28, 2015, Plaintiff filed an untimely Response and Opposition to Defendants' motion.[2] (Dkt. No. 49.) The Court accepted the late-filed document and continued the hearing to permit Defendants time to reply. (Dkt. No. 52.) Defendants timely filed their reply, (Dkt. No. 60), and the Court held a hearing on the matter on August 17, 2015, (Dkt. No. 61). Plaintiff appeared at the hearing.

---

[2] Plaintiff's Response and Opposition does not clearly address the legal or factual arguments raised in Defendants' motion. The document also fails to comply with the Central District of California's Local Rule 11-3.1.1 and this Court's Standing Order, both of which require that memoranda of points and authorities in support of or in opposition to motions use a proportionally spaced or monospaced typeface of 14-point or larger. *See* C.D. Cal. L.R. 11-3.1.1; Standing Order ¶ 5.c. The Court has nevertheless read and considered the Response and Opposition in its entirety. The Court directs Plaintiff to refer to and abide by the Local Rules and Standing Order as this matter proceeds. A copy of the Local Rules is available as "Chapter I: Local Civil Rules," at https://www.cacd.uscourts.gov/court-procedures/local-rules. A copy of this Court's Standing Order is available as "Standing Order," at http://court.cacd.uscourts.gov/cacd/JudgeReq.nsf/f6beb3edf125e6e788257272006231a2/e7f9811d815316c188257b5200513ab5?OpenDocument.

Case 2:15-cv-00829-BRO-FFM Document 62 Filed 08/18/15 Page 3 of 12 Page ID #:762

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00829 BRO (FFMx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | CARLO A. CARRION V. UNITED STUDENT AID FUNDS, INC. ET AL. | | |

### III. LEGAL STANDARD

#### A. Judgment on the Pleadings

After the pleadings are closed but early enough not to delay trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). "A dismissal on the pleadings for failure to state a claim is proper only if 'the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (quoting *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984)). The standard applied to Rule 12(c) motions is fundamentally similar to that applied to Rule 12(b)(6) motions. "All allegations of fact by the party opposing the motion are accepted as true," and the complaint is construed in the light most favorable to the non-moving party. *Id.* "[C]onclusory allegations without more" are insufficient to defeat a motion for judgment on the pleadings. *Id.*

As with Rule 12(b)(6) motions, a district court generally may not consider material beyond the pleadings in ruling on a Rule 12(c) motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Nevertheless, the court may consider "material which is properly submitted as part of the complaint." *Id.* The court may also consider documents not physically attached to the complaint so long as their authenticity is not contested and the complaint relies on them. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Finally, the court "may take judicial notice of 'matters of public record.'" *Id.* at 688–89 (quoting *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). Because the court may consider these materials, it need not accept as true allegations "contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1363 (3d ed. 2004).

#### B. Leave to Amend

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v.*

Case 2:15-cv-00829-BRO-FFM Document 62 Filed 08/18/15 Page 4 of 12 Page ID #:763

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00829 BRO (FFMx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | CARLO A. CARRION V. UNITED STUDENT AID FUNDS, INC. ET AL. | | |

*St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Leave to amend, however, "is properly denied . . . if amendment would be futile." *Carrico v. City & Cty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

### A. Plaintiff's FCRA Claims

Defendants challenge Plaintiff's FCRA claims on two bases. First, Defendants argue Plaintiff has failed to plead a violation of the FCRA for which he has standing. (Mot. for J. on the Pleadings at 5–6.) Second, Defendants contend the statute of limitations bars Plaintiff's FCRA claims. (Mot. for J. on the Pleadings at 6–7.) The Court will address each argument in turn.

#### 1. Whether Plaintiff Has Alleged a Violation of the FCRA for Which a Private Right of Action Exists

The Complaint cites to three separate provisions of the FCRA, 15 U.S.C. §§ 1681(a), (c), and (n). Section 1681(a) sets forth Congress's findings and statements of purpose in passing the FCRA, and § 1681a provides definitions and rules of construction to govern the act. *See* 15 U.S.C. §§ 1681(a), 1681a. Section 1681 does not contain a subsection (c); section 1681c does exist, but it establishes requirements for consumer reporting agencies relating to the information to be contained in consumer credit reports. *See id.* §§ 1681, 1681c. Thus, nothing in § 1681(a), § 1681a, or § 1681c would support a private right of action.

Section 1681n, on the other hand, does provide a basis for some private actions. That section states, in pertinent part,

> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—

Case 2:15-cv-00829-BRO-FFM   Document 62   Filed 08/18/15   Page 5 of 12   Page ID #:764

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00829 BRO (FFMx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | CARLO A. CARRION V. UNITED STUDENT AID FUNDS, INC. ET AL. | | |

(1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

*Id.* § 1681n(a). In *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002), the Ninth Circuit held that private plaintiffs may not bring suit under § 1681n for violations of § 1681s-2(a).[3] As the *Nelson* court explained, subsection (c) "expressly provides" that § 1681n "do[es] not apply to any failure to comply with subsection (a)" except as provided in § 1681s(c)(1)(B), which only permits certain suits by states for damages. *Id.* Moreover, subsection (d) provides that § 1681s-2(a) "shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in [§ 1681s]." *Id.* (quoting 15 U.S.C. § 1681s-2(d)). Thus, to the extent Plaintiff seeks damages under § 1681n for willful noncompliance with § 1681s-2(a), Plaintiff's FCRA claim must be dismissed, as § 1681s-2(a) does not permit private rights of action. *Id.* ("[P]rivate enforcement [under § 1681n] is excluded."); *see also Keshishian v. AFNI Inc.*, No. CV 12-04204 GAF, 2012 WL 5378819, at *3 (C.D. Cal. Nov. 1, 2012) (dismissing the plaintiff's claims under § 1681s-2(a) for lack of standing). Defendants' Motion for Judgment on the Pleadings is **GRANTED** on this basis.

Section 1681s-2(b) governs the duties of furnishers like Defendants upon notice of a dispute as to "the completeness or accuracy of any information provided by [the furnisher] to a consumer reporting agency." *See* 15 U.S.C. § 1681s-2(b)(1). The furnisher must: (1) investigate the disputed information; (2) review all relevant

---

[3] Section 1681s-2 sets forth the duties and responsibilities of entities who, like Defendants, furnish information to consumer reporting agencies. *See* 15 U.S.C. § 1681s-2.

Case 2:15-cv-00829-BRO-FFM Document 62 Filed 08/18/15 Page 6 of 12 Page ID #:765

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00829 BRO (FFMx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | CARLO A. CARRION V. UNITED STUDENT AID FUNDS, INC. ET AL. | | |

information provided by the consumer reporting agency; (3) report the investigation's results to the consumer reporting agency; (4) report any incomplete or inaccurate information to all consumer reporting agencies to which the furnisher has provided the disputed information; and (5) depending on the results of a reinvestigation, modify, delete, or permanently block the reporting of incomplete or inaccurate information. *Id.*; *see also Nelson*, 282 F.3d at 1059. As clarified in *Nelson*, consumers may bring private actions under § 1681n for violations of § 1681s-2(b). *See* 282 F.3d at 1060. Thus, to the extent Plaintiff alleges he notified Defendants of a dispute as to information they provided to a consumer reporting agency and Defendants failed to abide by § 1681s-2(b), Plaintiff may proceed with a private action. Defendants' request for judgment on the pleadings is therefore **DENIED** with respect to any alleged violations of § 1681s-2(b), subject to the following discussion regarding the timeliness of such a claim.

## 2. Whether the Statute of Limitations Bars Plaintiff's FCRA Claims

Defendants also maintain that any claims Plaintiff could have brought under the FCRA are time-barred under the applicable statute of limitations. The FCRA provides for a two-year limitations period, which is triggered upon "the date of discovery by the plaintiff of the violation." *See* 15 U.S.C. § 1681p(1); *see also Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1109 (9th Cir. 2012) (finding that constructive discovery is also sufficient to trigger the limitations period). In no case may a plaintiff bring claims more than five years "after the date on which the violation that is the basis for [the defendant's alleged] liability occurs." *See* 15 U.S.C. § 1681p(2); *see also Drew*, 690 F.3d at 1109 (recognizing that FCRA claims repose five years after the alleged violation).

Plaintiff has attached to the Complaint credit reports from 1999, 2001, 2002, 2004, and 2010. (*See* Compl. at 68–87.) To the extent Plaintiff alleges violations of the FCRA dating before December 31, 2009, Plaintiff's claims are time-barred under § 1681p(2). Plaintiff has also attached a letter from USA Funds dated June 10, 2010 and sent in response to a May 18, 2010 email from Plaintiff questioning the accuracy of credit reports ranging from October 29, 1999 to May 5, 2010. (*See* Compl. at 88–91.) To the extent Plaintiff alleges Defendants violated § 1681s-2(b) by failing to reasonably investigate the disputed account information in these reports, Plaintiff was on notice of this violation as of June 10, 2010 when USA Funds responded to the dispute and essentially denied the inaccuracy of the information. (*See* Compl. at 90 ("Due diligence

Case 2:15-cv-00829-BRO-FFM Document 62 Filed 08/18/15 Page 7 of 12 Page ID #:766

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00829 BRO (FFMx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | CARLO A. CARRION V. UNITED STUDENT AID FUNDS, INC. ET AL. | | |

efforts in the form of telephone calls and past due notices were made to assist you in resolving the delinquency that existed on your account. However, these efforts were unsuccessful. Subsequently, your federal consolidation loan was declared in default after 270 days of non-payment.").) Accordingly, to the extent Plaintiff's FCRA claims are based upon the failure to reasonably investigate inaccuracies identified in the May 18, 2010 email, Plaintiff's claims are time-barred under § 1681p(1).

Based on the documents attached to the Complaint, it appears that the only conduct Plaintiff challenges occurred on or before June 10, 2010. As explained above, the FCRA's limitations and repose periods bar these claims. If Plaintiff can, in good faith, allege a violation of § 1681s-2(b) that he discovered on or after December 31, 2012, Plaintiff may amend the Complaint accordingly. As presently pleaded, however, Plaintiff's FCRA claims are untimely. Defendants' Motion for Judgment on the Pleadings is therefore **GRANTED** to the extent Plaintiff alleges violations of the FCRA arising before December 31, 2009. The motion is also **GRANTED** to the extent Plaintiff's FCRA claims are based upon alleged inaccuracies identified in the May 18, 2010 email.

### B. Plaintiff's Fraud Claim

Defendants also seek judgment on the pleadings with respect to Plaintiff's claim for fraud. Defendants first argue that any such claim is preempted by the FCRA. (Mot. for J. on the Pleadings at 7.) Defendants also challenge the timeliness of Plaintiff's fraud claim and raise the statute of limitations as a defense. (Mot. for J. on the Pleadings at 8–9.) Finally, Defendants assert Plaintiff has failed to plead fraud with particularity. (Mot. for J. on the Pleadings at 8.)

### 1. Whether the FCRA Preempts Plaintiff's Fraud Claim

"[T]he FCRA contains two preemption sections restricting state law claims that apply to persons who furnish information under the FCRA." *Woods v. Prot. One Alarm Monitoring, Inc.*, 628 F. Supp. 2d 1173, 1181 (E.D. Cal. 2007). The first is somewhat limited and preempts state law claims for defamation, invasion of privacy, and negligence only to the extent these claims are based upon the disclosure of certain types of information and do not allege malice or willful intent. *See Buraye v. Equifax*, 625 F.

| Case No. | CV 15-00829 BRO (FFMx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | CARLO A. CARRION V. UNITED STUDENT AID FUNDS, INC. ET AL. | | |

Supp. 2d 894, 897–98 (C.D. Cal. 2008) (citing *Weseman v. Wells Fargo Home Mortg., Inc.*, No. CV 06-01338 ST, 2008 WL 542961, *2 (D. Or. Feb. 22, 2008)); *see also* 15 U.S.C. § 1681h(e). Congress amended the FCRA in 1996 and added a broader preemption provision. *See Buraye*, 625 F. Supp. 2d at 898. This second preemption provision provides the following, in pertinent part:

> No requirement or prohibition may be imposed under the laws of any State—
>
> (1) with respect to any subject matter regulated under—
>
> . . .
>
> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply—
>
> (i) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or
>
> (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996).

*See* 15 U.S.C. § 1681t(b)(1)(F).

In considering the scope of preemption under § 1681t(b)(1)(F), courts in the Ninth Circuit have utilized two approaches. *See Buraye*, 625 F. Supp. 2d at 899. The majority of courts apply the "total preemption" approach, which finds that § 1681t(b)(1)(F) "totally preempts all state statutory and common law causes of action [against furnishers of information] which fall within the conduct proscribed under § 1681s-2." *Id.* (internal quotation marks omitted) (citing cases). A minority of courts favor the "statutory" approach, which finds that § 1681t(b)(1)(F) only preempts state law claims against furnishers of information that are brought under state statutes. *See, e.g.*, *Weseman*, 2008 WL 542961, at *4 (adopting the statutory approach). Thus, under the minority approach, a common law fraud claim like Plaintiff's would not be preempted.

Case 2:15-cv-00829-BRO-FFM   Document 62   Filed 08/18/15   Page 9 of 12   Page ID #:768

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-00829 BRO (FFMx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | CARLO A. CARRION V. UNITED STUDENT AID FUNDS, INC. ET AL. | | |

This Court is persuaded by the reasoning of other courts in the majority and adopts the total preemption approach to claims against furnishers of information under § 1681s-2. As the court observed in *Davis v. Maryland Bank*, No. CV 00-04191, 2002 WL 32713429, at *13 (N.D. Cal. June 19, 2002),

> [T]he legislative history demonstrates that Congress enacted section 1681t(b)(1)(F) in order to create a uniform scheme governing the disclosure of credit information. *See Kodrick v. Ferguson*, 54 F. Supp. 2d 768, 794 (N.D. Ill. 1999) (discussing legislative history of FCRA's preemption provisions). Allowing common law tort claims which implicate the same subject matter as section 1681s–2(1) would undermine Congress' intention to create a uniform system of protection for consumers. In light of the foregoing, the Court finds that section 1681t(b)(1)(F) preempts both state statutory and common law causes of action which implicate the subject matter of section 1681s–2.

*See also Buraye*, 625 F. Supp. 2d at 900 (quoting *Davis*, 2002 WL 32713429, at *13). Moreover, the plain language of § 1681t(b)(1)(F) eliminates all state law claims against furnishers of information[4] and does not distinguish between claims brought under statute versus claims brought under common law. *See* 15 U.S.C. § 1681t(b)(1)(F); *see also Farrell v. Portfolio Recovery Assocs.*, No. CV 14-03941 RGK, 2014 WL 7745881, at *4 (C.D. Cal. Sept. 19, 2014) (citing *Davis*'s plain language analysis and adopting the majority approach). For these reasons, the Court finds that § 1681t(b)(1)(F) preempts all state law claims falling within the conduct proscribed under § 1681s-2. The only remaining inquiry is whether Plaintiff's fraud claim implicates § 1681s-2.

The allegations in Plaintiff's Complaint implicate § 1681s-2's subject matter. As noted above, § 1681s-2 sets forth the duties of furnishers to provide accurate and complete information to credit reporting agencies, as well as the duties of such entities upon notice of a dispute. *See* 15 U.S.C. § 1681s-2. Plaintiff's fraud claim is based upon the allegation that Defendants intentionally provided him and credit bureaus with inaccurate information regarding the balance of his student loans and refused to correct the alleged inaccuracies once Plaintiff brought them to light in an attempt to extract extra,

---

[4] The only exception is for claims under section 1785.25(a) of the California Civil Code.

Case 2:15-cv-00829-BRO-FFM   Document 62   Filed 08/18/15   Page 10 of 12   Page ID #:769

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-00829 BRO (FFMx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | CARLO A. CARRION V. UNITED STUDENT AID FUNDS, INC. ET AL. | | |

unjustified payments from him.  (Compl. ¶¶ 9–17.)  These allegations fall squarely within § 1681s-2's proscriptions.  As a result, to the extent Plaintiff's fraud claim relies on these allegations, § 1681t(b)(1)(F) preempts this claim.  *See Keshishian*, 2012 WL 5378819, at *4 (preempting state statutory claim implicating a furnisher's duty to transmit accurate information); *Buraye*, 625 F. Supp. 2d at 900–01 (finding state law negligence and defamation claims preempted where the plaintiff alleged the defendant furnished inaccurate information to credit reporting agencies); *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1182 (E.D. Cal. 2005) (finding state common law and statutory claims preempted because they "arise solely from the allegation that [the defendant] reported erroneous credit information").  Defendants' Motion for Judgment on the Pleadings is therefore **GRANTED** on this basis.

### 2. Statute of Limitations

"An action for relief on the grounds of fraud or mistake must be commenced within three years.  However, such action is not deemed accrued 'until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.'"  *Kline v. Turner*, 87 Cal. App. 4th 1369, 1373–74 (Cal. Ct. App. 2001) (quoting Cal. Civ. Proc. Code § 338(d)).  Courts interpret discovery to mean when the plaintiff "suspected or should have suspected that an injury was caused by wrongdoing"; the plaintiff need not be aware of the specific wrong alleged.  *Id.*  In other words, "[t]he statute of limitations begins to run when the plaintiff has information which would put a reasonable person on inquiry" notice that a representation is false.  *Id.*; *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007).  The limitations period is tolled, however, when a defendant fraudulently conceals facts which would have otherwise led the plaintiff to discover the potential claim.  *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1056–57 (9th Cir. 2008) (citing *Snow v. A.H. Robins Co., Inc.*, 165 Cal. App. 3d 120, 127–28 (Cal. Ct. App. 1985)).

As discussed above in connection with Plaintiff's FCRA claims, the allegations in and documents attached to the Complaint suggest that Plaintiff suspected Defendants were reporting inaccurate information about the status and balance of his student loans by at least May 18, 2010, when he emailed USA Funds and contested the accuracy of over ten years of credit reports.  (*See* Compl. at 88–91.)  Although Plaintiff also alleges that "only at the end of this year, 2014, [did he] realize even more the deception of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00829 BRO (FFMx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | CARLO A. CARRION V. UNITED STUDENT AID FUNDS, INC. ET AL. | | |

Defendants," (Compl. at 19), Plaintiff does not set forth any facts or explanation as to what Defendants allegedly concealed from him between May 18, 2010 and the end of 2014. The conclusory allegation that Plaintiff did not know the full extent of Defendants' wrongs or deception is insufficient to toll the statute of limitations where the remaining allegations and documents supporting Plaintiff's claims suggest Plaintiff suspected Defendants were misrepresenting his loan balance by May 18, 2010. The statute of limitations therefore began to run on this date and expired before Plaintiff initiated this lawsuit on December 31, 2014. As a result, to the extent Plaintiff's fraud claim relies on the allegation that Defendants misrepresented the balance and status of his student loans from 1999 until May 18, 2010, the statute of limitations bars this claim. Defendants' request for judgment on the pleadings is thus **GRANTED** to the extent Plaintiff's fraud claim rests on such allegations.[5]

### C. Futility of Amendment

After the court grants a motion to dismiss, it is proper to deny leave to amend the complaint if an amendment would be futile. *Carrico v. City & Cty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011). Any amendment by Defendant here would, indeed, be futile. At a hearing on the matter on August 17, 2015, Plaintiff failed to provide any facts that, if pled in an amended complaint, would defeat a subsequent motion for judgment on the pleadings. During the hearing, the Court asked Plaintiff on three separate occasions whether he had any additional facts to support his claims. Plaintiff failed to respond to each separate inquiry with additional supporting facts, and, on one occasion, he conceded that all facts supporting his claims are in in his complaint. On another occasion, he simply reiterated that the Court erred in granting his previous motion. Given the lack of additional facts that would defeat a subsequent motion for judgment on the pleadings, any subsequent amended complaint would be futile. Thus, Defendant's request for judgment on the pleadings is **GRANTED**, and Plaintiff's FCRA and fraud claims are **DISMISSED without leave to amend**.

---

[5] In light of the Court's rulings on the preemption and statute of limitations issues, the Court does not address Defendants' alternative argument that Plaintiff has failed to plead fraud with particularity.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-00829 BRO (FFMx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | CARLO A. CARRION V. UNITED STUDENT AID FUNDS, INC. ET AL. | | |

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is **GRANTED** on the following bases:

(1) Plaintiff's FCRA claims are **DISMISSED with prejudice** to the extent Plaintiff seeks damages under § 1681n for willful noncompliance with § 1681s-2(a) because this section does not permit private rights of action.
(2) Plaintiff's FCRA claims are **DISMISSED with prejudice** to the extent Plaintiff seeks damages under § 1681n for willful noncompliance with § 1681s-2(b) to the extent Plaintiff asserts violations either (1) arising before December 31, 2009; or (2) based upon alleged loan inaccuracies identified in Plaintiff's May 18, 2010 email to Defendants.  Plaintiff is denied leave to amend this claim because he failed to provide any new facts that would defeat a later-filed motion for judgment on the pleadings, thereby making any subsequent amendment futile.
(3) Plaintiff's fraud claim is **DISMISSED with prejudice** to the extent the claim is based upon Defendants' intentional misstatements to credit reporting agencies relating to Plaintiff's loan account, balance, or history.

Plaintiff's fraud claim is **DISMISSED with prejudice** to the extent Plaintiff relies on some other theory of misrepresentation.  Plaintiff is denied leave to amend this claim because he failed to provide any new facts that would defeat a later-filed motion for judgment on the pleadings, thereby making any subsequent amendment futile.  Defendant is ordered to file a proposed judgment by August 25, 2015 by 4:00 p.m.

**IT IS SO ORDERED.**                                           :

                                           Initials of Preparer          rf